# EXHIBIT A

FILED
03-30-2022
CIRCUIT COURT
DANE COUNTY, WI
2022CV000717
Honorable Rhonda L. Lanford
Branch 16

STATE OF WISCONSIN       CIRCUIT COURT       DANE COUNTY
                         BRANCH __

**STACEY LOIBL**
6904 189th Street
Chippewa Falls, WI 54729

and

**STACEY LOIBL as Special Administrator of the estate of WAYNE RICHARD LOIBL**
6904 189th Street
Chippewa Falls, WI 54729

Case No.: _____
Case Code:   30107

    Plaintiffs,

vs.

**DAVIS-STANDARD, LLC**
1 Extrusion Drive
Pawcatuck, CT 06379

and

**ABC INSURANCE COMPANY**
Address Unknown

    Defendants.

## COMPLAINT

NOW COMES PLAINTIFF STACEY LOIBL, individually and as Special Administrator of the estate of WAYNE LOIBL, by her attorneys, Provost Umphrey, by Attorney Guy Gladstone Fisher, appearing pro hac vice, and Kasieta Legal Group, LLC, as local counsel, by Attorneys Robert J. Kasieta and Mark B Hazelbaker, and allege as follows:

## I.   Parties

1. Plaintiff STACEY LIOBL is an adult resident of the State of Wisconsin. Her residence address is 6904 189th Street, Chippewa Falls, WI 54729. She is the widow of Wayne Richard Loibl.

2. Wayne R. Loibl, deceased, resided in the State of Wisconsin at the time of his death on October 8, 2020. He resided at 6904 189th Street, Chippewa Falls, WI 54729 with his wife Stacey Loibl.

3. The Estate of Wayne R. Loibl appears in this action through STACEY LOIBL, in her capacity as the Special Administrator of the Estate of Wayne R. Loibl. The Circuit Court for Chippewa County, Wisconsin, appointed her as the Special Administrator of the Estate of Wayne R. Loibl in case 2021 PR 128. The order appointing her as Special Administrator gave Ms. Loibl authority to commence and prosecute this action.

4. STACEY LOIBL also appears in this action in her individual capacity for survivorship claims pursuant to

5. Defendant, DAVIS-STANDARD, LLC is a Delaware limited liability company. Its business address is 1 Extrusion Drive, Pawcatuck, CT 06379. Its agent for the service of process is Corporation Service Company, 100 Pearl Street, 17th Floor, MC-CSC1, Hartford, CT 06103.

6. Defendant ABC Insurance Company is the fictitious name for an unknown insurance company which provided a policy or policies of insurance to defendant Davis-Standard LLC.

7. Defendants Davis-Standard LLC and ABC Insurance Company do substantial business in Dane County, Wisconsin. Each has sufficient minimum contacts with the State of

5

Wisconsin to confer personal jurisdiction over each defendant. Venue is appropriate in Dane County.

8.  On or about, October 5, 2020, Wayne Loibl was employed as an operator for Berry Global, Inc. Berry Global is a manufacturing company located in Chippewa Falls, Wisconsin, which makes plastic products. At material times, Plaintiff was operating a film winding machine, a Davis-Standard Converting Systems model U-2164-12 cast extrusion line.

9.  On that date, Wayne Loibl was conducting routine maintenance, cleaning the machine. While Mr. Loibl cleaned the machine, a movable part of the machine called the carriage swung around, and without warning struck Mr. Loibl in the head. Mr. Loibl suffered head injuries, including severe, deep lacerations to his face and head. EMS personnel responded to the factory and attempted to treat Mr. Loibl's wounds. They transported him to a hospital. Mr. Loibl succumbed to his injuries on October 8, 2020, in the hospital, after suffering for three days.

10. Mr. Loibl suffered substantial conscious pain and suffering.

11. Defendant failed to provide or install adequate interlocks to safely de-energize the machine at appropriate times, such as when the machine was being cleaned.

12. Defendant failed to provide adequate instructions on safely performing routine machine maintenance.

13. Defendant failed to provide training in the proper use of interlock and safety mechanisms on the machine.

14. At all times, Defendant failed to provide adequate warnings regarding foreseeable dangers presented by routine maintenance on the machine.

15. Mr. Loibl neither caused nor contributed to his fatal head Injury.

16.  Mr. Loibl was not at fault or negligent in the manner in which he used the machine on October 5, 2021.

17.  Defects in the Davis-Standard machine were a proximate cause of and substantial factor in bringing about the injuries and damages Mr. Loibl sustained, including his death.

### FIRST CLAIM – Negligence – Products Liability

18. Defendant's negligence includes, but is not limited to the following:

   (1)  Failing to provide an adequate emergency shut-off for the machine that would eliminate stored energy.

   (2)  Failing to warn the Plaintiff, or persons in Plaintiff's position, of the foreseeable danger of the unreasonable risk of harm the stored energy posed to the Plaintiff.

   (3)  Failing to warn Plaintiff, or persons in Plaintiff's position, of the true dangers of a walk-in machine without adequate protective safeguards.

   (4)  Negligent manufacturing, designing, installing, and marketing the machine; and

   (5)  Failing to design and install safe interlocking mechanisms that would have de-energized the machine to prevent this injury from occurring.

### SECOND CLAIM – Strict Liability – Products Liability

19. Defendant is strictly liable to Plaintiff because the subject machine was dangerously defective:

   (1)  The machine lacked an adequate emergency shut-off that would eliminate stored energy.

   (2)  The machine contained no, or insufficient, warnings to the Plaintiff, or persons in Plaintiff's position, of the foreseeable danger of the unreasonable risk of harm in routine maintenance on the machine.

   (3)  The machine contained no, or insufficient, safeguards to protect people performing maintenance on the machine.

      (4)    The machine was dangerously defective in its manufacture, design, and/or installation.

20.    At all relevant times, Defendant was in the business of designing, manufacturing, installing, and marketing the subject machine. The machine was defective and/or unreasonably dangerous as those terms are defined by law, and such defects in the design, manufacturer, sales/promotion, and installation were a proximate and producing cause of the injuries sustained by the Mr. Loibl.

21.    At all relevant times, the film wrapping machine was defective and/or unreasonably dangerous and was the proximate cause of injury and death to Mr. Loibl. The machine was designed, manufactured, marketed, assembled, distributed, sold, supplied, installed and/or placed into the stream of the commerce by Defendant.

### THIRD CLAIM – Breach of Expressed and Implied Warranties

22. Plaintiffs incorporate the previous allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant also breached express and implied warranties, including warranties in the Uniform Commercial Code. Defendants expressly and impliedly warranted that as designed, manufactured, installed, and sold the film wrapping machine was fit for the ordinary purposes for which the machine was to be used.

23. Defendant expressly and/or impliedly warranted that the machine as designed, manufactured, installed, sold, and used was safe and would not expose Mr. Loibl to an unreasonable risk of harm. Said warranties were breached and such breach of warranty was a proximate cause of Mr. Loibl's injuries and damages.

### FOURTH CLAIM – Damages

24. As a direct and proximate result of all Defendant's negligence and breach of warranties, Mr. Loibl was injured and died. His widow, Stacey Loibl, also sustained damages and has a claim per Wisconsin Statutes Section 895.04. Plaintiffs sustained debilitating injuries as a result of the

8

subject incident. Plaintiffs incurred medical expenses because of the incident. The Plaintiffs seek the following damages:

1. Pain and suffering, past and future;
2. Lost wages, past and future;
3. Mental anguish, past and future;
4. Medical expenses;
5. Loss of consortium; and
6. Wrongful death damages per Wisconsin Statute Section 895.04.

### FIFTH CLAIM – Pre-judgment Interest

25. Plaintiffs also assert a claim for pre-judgment interest to the extent that such interest is allowed.

WHEREFORE, Plaintiffs demand Judgment:

A. For damages, in an amount to be proven at trial.

B. For their attorneys' fees, costs, pretrial interest, and other relief as allowed by Law.

C. For such other and further relief as the Court deems proper.

PLAINTIFFS DEMAND TRIAL TO A JURY OF ALL CLAIMS HEREIN.

Dated this 30th day of March 2022.

**PROVOST ★ UMPHREY LAW FIRM**

By: /s/ *Guy Fisher*

Guy Fisher (appearing Pro Hac Vice)
Texas Bar No. 07051010
Edward D. Fisher (appearing Pro Hac Vice)
Texas Bar No. 24012624
490 Park Street
Beaumont, Texas 77701
Ph: (409) 838-8813
Fax: (409) 813-8609
Gfisher@pulf.com; Efisher@pulf.com
***ATTORNEYS FOR PLAINTIFFS***

**LOCAL COUNSEL:**

**KASIETA LEGAL GROUP, LLC**

*/s/ Mark B. Hazelbaker*
Mark B. Hazelbaker
Wisconsin State Bar No 1010302
Local Counsel for Plaintiffs

559 D'Onofrio Drive, Suite 222
Madison, WI 53719
Phone: 608-662-2300
Fax:   608 6762-9977
Email: mh@kasieta.com